IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GINA MARIE B.,** | )<br>) No. 22 C 2124<br>) |
| Plaintiff, | )<br>) Magistrate Judge M. David Weisman |
| v. | )<br>) |
| **KILOLO KIJAKAZI, Acting Commissioner of Social Security,** | )<br>)<br>) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Gina Marie B. appeals the Acting Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On December 6, 2019, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 16-35.) The Appeals Council declined review (R. 1-3), making the ALJ's decision the final decision of the Acting Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since September 9, 2019. (R. 18.) At step two, the ALJ found that plaintiff has the severe impairments of facet arthropathy with minimal disc bulging, obesity, Piriformis syndrome, degenerative disc disease of the lumbar spine, degenerative joint disease of the hips, attention deficit hyperactivity disorder, anxiety, and depression. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (R. 19.) At step four, the ALJ found that plaintiff cannot perform her past relevant work but has the RFC to perform light work with certain exceptions. (R. 22-

33.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus she is not disabled. (R. 33-35.)

Plaintiff says the ALJ wrongly concluded that her mental impairments do not meet Listing 12.04 or 12.06. Those listings require proof of either the Paragraph A and Paragraph B criteria or Paragraph A and Paragraph C criteria. https://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm (last visited March 17, 2023). Paragraph A of Listing 12.04 requires medical documentation of depressive disorder, characterized by five or more of the following: depressed mood; diminished interest in almost all activities; appetite disturbance with change in weight; sleep disturbance; observable psychomotor agitation or retardation; decreased energy; feelings of guilt or worthlessness; difficulty concentrating or thinking; or thoughts of death or suicide. *Id.* Paragraph A of Listing 12.06 requires medical documentation of anxiety disorder, characterized by three or more of the following: restlessness; fatigue; difficulty concentrating; irritability; muscle tension; or sleep disturbance or medical documentation of panic disorder characterized by: panic attacks followed by a persistent concern or worry about additional panic attacks or their consequences; or disproportionate fear or anxiety about at least two different situations (for example, using public transportation, being in a crowd, being in a line, being outside of your home, being in open spaces). *Id.* Paragraph B of both listings requires proof of an extreme limitation of one, or marked limitation of two, of the four areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; adapting or managing oneself. *Id.* Paragraph C of both listings is satisfied if the mental disorder is serious and persistent, *i.e.*, there is a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of

both: medical treatment, mental health therapy, psychosocial support, or a highly structured setting that is ongoing and that diminishes the symptoms and signs of the mental disorder, and marginal adjustment, that is, minimal capacity to adapt to changes in the environment or to demands that are not already part of daily life. *Id.*

The ALJ said plaintiff does not meet Listing 12.04 or 12.06 because she is mildly limited in three of the Paragraph B criteria and moderately limited in the fourth and the record does not establish the C criteria. (R. 21-22.) Plaintiff argues that the ALJ's Paragraph B conclusions are flawed because they are based on plaintiff's activities of daily living, which do not equate to an ability to work full-time. Even if that is true, an issue the Court does not decide, it would still be plaintiff's burden to identify evidence showing that she is markedly or extremely limited in the Paragraph B criteria, which she has not done. Similarly, aside from a series of unexplained cites (*see* ECF 14 at 4-5), plaintiff does not explain how the evidence shows that she satisfies the criteria of Paragraph C. In short, the ALJ's finding that plaintiff does not meet Listing 12.04 or 12.06 is not erroneous.

Plaintiff also contests the ALJ's rejection of the opinion of plaintiff's treating psychologist, Dr. Niebes-Davis. The ALJ discounted the opinion, in part, because it was based on plaintiff's subjective allegations, which plaintiff says was improper. The Court agrees. As the Seventh Circuit said in *Mischler v. Berryhill*:

> A psychiatrist does not merely transcribe a patient's subjective statements. Mental-health assessments normally are based on what the patient says, but only after the doctor assesses those complaints through the objective lens of her professional expertise. *See Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015). Further, the trained physician, not the ALJ, is better positioned to discern "true" complaints from exaggerated ones. *See id*.

766 F. App'x 369, 375 (7th Cir. 2019). Moreover, not all of Dr. Niebes-Davis's opinions were based solely on plaintiff's reports. Several were based on first-hand observation. (*See* R. 1494

4

("Client showed decreased energy across sessions;" "Client frequently fidgets in session appearing tense, speech is slowed;" "Client shows difficulty with memory, word recall, and cognition"); R. 1496 ("Client has difficulty regulating emotion in and out of session, has trouble identifying reasonable goals").) Thus, the ALJ's rejection of Dr. Niebes-Davis's opinion because it was based, in part, on plaintiff's subjective description of her symptoms was error. Moreover, absent that error, the ALJ might have adopted the doctor's opinion and found plaintiff to be disabled. Accordingly, this case must be remanded.

## Conclusion

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, grants plaintiff's motion for summary judgment [13], and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case to the Acting Commissioner for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                           **ENTERED:** March 20, 2023

**M. David Weisman**
**United States Magistrate Judge**